1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID PAUL RUFF,

11              Plaintiff,                    No. CIV S-10-2789 CKD P

12         vs.

13   D. VANLEER, et al.,                      ORDER AND

14              Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983.  This action is proceeding on the original complaint, filed October 14, 2010.

18   (Dkt. No. 1.)  On March 21, 2011, the previously assigned magistrate judge ruled that the

19   complaint stated a cognizable Eighth Amendment claim as to defendants Vanleer, Qualls,

20   Lindsay, and Rainwater.  (Dkt. No. 6.)  Pending before the court is defendants' September 19,

21   2011 motion to dismiss the complaint for failure to exhaust administrative remedies.  (Dkt. No.

22   21.)  Plaintiff filed an opposition to the motion, and defendants filed a reply.  (Dkt. Nos. 25, 26.)

23   For the reasons discussed below, the undersigned will recommend that defendants' motion be

24   granted.

25   \\\\\

26   \\\\\

1

I. Background

        In the complaint, plaintiff alleges that on December 27, 2009, defendants used excessive force against him, in violation of the Eighth Amendment, while escorting him through the exercise yard at High Desert State Prison (HDSP).  On the complaint form, in response to the question "Have you filed a grievance concerning the facts relating to this complaint?" plaintiff checked the box indicating "No."  His explanation was that "the 115 was dropped Dec. 27, 2009." However, in response to the next question, "Is the grievance process completed?" plaintiff checked the box indicating "Yes."  (Dkt. No. 1 at 2.)

        Defendants assert in their motion to dismiss that "no appeals were accepted at any level of review concerning Defendants' alleged actions" on December 27, 2009.  (Dkt. No. 21-1 at 3.)  In support, they attach the declaration of D. Clark, an Appeals Coordinator at HDSP, who declares that "A review of grievances submitted by inmate Ruff (E-74808) discloses that between December 27, 2009, and October 14, 2010, he did not submit any grievances that were accepted for formal review at HDSP."  (Dkt. No. 21-2.)

        Defendants also attach the declaration of D. Foston, Chief of the Office of Appeals (OOA) for CDCR.  Foston declares that:

> Before January 28, 2011, to exhaust the appeal process, the inmate had to proceed through four levels of appeal: (1) informal resolution; (2) first formal level; (3) second level appeal to the institution head or designee; and (4) third level appeal to the director of CDCR.  The informal and first level may be bypassed in certain circumstances . . .
>
> [A]n inmate seeking judicial relief in excess of administrative remedies granted at any level must present his or her claim to the third level, and this relief remains unexhausted until the examiner renders a decision at the third level.
>
> The OOA, also known as the "third level" appeal, concludes the inmate's administrative remedy process. . . .
>
> The OOA's records disclose that, between December 27, 2009 and October 14, 2010, inmate Ruff (E-74808) submitted no appeals that the OOA accepted for third level review.

1 (Dkt. No. 21-3.)

2      In opposition to the motion to dismiss, plaintiff does not assert that he filed any

3 inmate grievance regarding defendants' alleged conduct on December 27, 2009.  Rather, he argues

4 that his failure to file a grievance should be excused because "he was afraid for his life and was

5 scared to [pursue] his appeal rights[.]" (Dkt. No. 25 at 1.)

6 II.  Exhaustion of Administrative Remedies

7 A.  Legal Standard

8      The Prison Litigation Reform Act ("PLRA") provides that, "[n]o action shall be

9 brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

10 prisoner confined in any jail, prison, or other correctional facility until such administrative

11 remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Pursuant to this rule, prisoners

12 must exhaust their administrative remedies regardless of the relief they seek, i.e., whether

13 injunctive relief or money damages, even though the latter is unavailable pursuant to the

14 administrative grievance process.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Exhaustion also

15 requires that the prisoner complete the administrative review process in accordance with all

16 applicable procedural rules.  Woodford v. Ngo, 548 U.S. 81 (2006).

17      The PLRA requires that administrative remedies be exhausted prior to filing suit.

18 McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).  However, the exhaustion requirement is not

19 jurisdictional, but an affirmative defense that may be raised by a defendant in a motion to dismiss

20 pursuant to Federal Rule of Civil Procedure 12(b).  See Jones v. Bock, 549 U.S. 199, 216 (2007)

21 ("inmates are not required to specially plead or demonstrate exhaustion in their complaints");

22 Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003) (failure to exhaust is an affirmative

23 defense).  Defendants bear the burden of raising and proving the absence of exhaustion, and their

24 failure to do so waives the defense.  Id. at 1119.

25      "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the

26 court may look beyond the pleadings and decide disputed issues of fact."  Wyatt, 315 F.3d at

1119.  "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion

to dismiss for failure to exhaust – a procedure closely analogous to summary judgment – then the

court must assure that [the prisoner] has fair notice of his opportunity to develop a record."  Id. at

1120 n.14.  When the district court concludes that the prisoner has not exhausted administrative

remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."  Id. at 1120;

see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("mixed" complaints may proceed

on exhausted claims).  Thus, "if a complaint contains both good and bad claims, the court

proceeds with the good and leaves the bad."  Jones, 549 U.S. at 221.

"The level of detail in an administrative grievance necessary to properly exhaust a

claim is determined by the prison's applicable grievance procedures."  Jones, supra, 549 U.S. at

218.  In California, prisoners are required to lodge their administrative complaint on a CDC Form

602, which requires only that the prisoner "describe the problem and action requested."  Cal. Code

Regs. tit. 15, § 3084.2(a).  In Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009), the Ninth Circuit

Court of Appeals adopted the standard enunciated by the Seventh Circuit, which provides that

"when a prison's grievance procedures are silent or incomplete as to factual specificity, 'a

grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'"

Griffin, 557 F.3d at 1120 (reviewing Arizona procedures), quoting Strong v. David, 297 F.3d 646,

650 (7th Cir. 2002).  Thus, in California, "[a] grievance need not include legal terminology or

legal theories unless they are in some way needed to provide notice of the harm being grieved.  A

grievance also need not contain every fact necessary to prove each element of an eventual legal

claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its

resolution, not to lay groundwork for litigation."  Griffin, 557 F.3d at 1120; accord, Morton v.

Hall, 599 F.3d 942, 946 (9th Cir. 2010).

"[E]xhaustion is not per se inadequate simply because an individual later sued was

not named in the grievances."  Jones, 549 U.S. at 219.  It is nonetheless appropriate to require that

a prisoner demonstrate, through the administrative grievance process and consistent with the

1    PLRA, that he has standing to pursue his claims against a particular defendant.  "[A]t an

2    irreducible minimum, Art[icle] III [of the United States Constitution] requires the party who

3    invokes the court's authority to 'show that he personally has suffered some actual or threatened

4    injury as a result of the putatively illegal conduct of the defendant.' "  Valley Forge Christian

5    College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982).

6    B.  Discussion

7                    Here, plaintiff concedes that he did not file an inmate grievance about the conduct

8    at issue in the complaint, nor exhaust his administrative remedies by completing the grievance

9    process.  See Wyatt, supra, 315 F.3d at 1120 ("A prisoner's concession to nonexhaustion is a valid

10   ground for dismissal, so long as no exception to exhaustion applies.")  Defendants have met their

11   burden of raising and proving the absence of exhaustion.

12                   As to plaintiff's argument that his failure to file a grievance should be excused

13   because he was afraid of being retaliated against, the Ninth Circuit has held that an inmate's

14   failure to exhaust administrative remedies may be excused where "circumstances render

15   administrative remedies effectively unavailable."  Nunez v. Duncan, 591 F.3d 1217, 1226 (9th

16   Cir. 2010) (holding that inmate's failure to exhaust his administrative remedies was excused

17   because he took reasonable steps to exhaust his claim and was precluded from exhausting, not

18   through his own fault but by the Warden's mistake).   However, in this case, the court finds that

19   plaintiff has not provided sufficient evidence to show that a similarly situated person would have

20   not filed a grievance for fear of being physically harmed by defendants.  Plaintiff has submitted

21   several pages of declarations concerning his fear of being stabbed by other inmates, defendants'

22   response to plaintiff's safety concerns, defendants' alleged practice of "[f]orcing inmates to cell-

23   up with other ethnic groups," and other race- and housing-related issues.  While dwelling at length

24   on these matters, plaintiff makes virtually no mention of the inmate grievance procedure or any

25   perceived threat in connection with using that procedure.  Plaintiff also submits the incident report

26   concerning the December 27, 2009 incident; however, this document sheds no light on whether

1    the grievance process was "effectively unavailable" to plaintiff.

2            Plaintiff does assert that, in January 2010, defendant Qualls conducted a follow-

3    up interview of plaintiff in the Administrative Segregation Unit and "was making threats towards

4    Plaintiff about not appealing[] his 115 for resisting staff" in the December 27, 2009 incident.

5    Qualls allegedly stated that "he could still have his officers leave us alone with no handcuffs, and

6    we could finish what had been started."   (Dkt. No. 25 at 6.)  However, other than a vague

7    assertion that defendant Quall "[made] threats" about plaintiff's use of the grievance process,

8    plaintiff has provided no declaratory or other evidence that defendants' conduct was so

9    threatening as to render that process effectively unavailable.  See Young v. CDCR, 2012 WL

10   1068701 at *2 (E.D. Cal. March 29, 2012) (granting defendants' motion to dismiss for failure to

11   exhaust administrative remedies where plaintiff offered only vague allegations that defendant

12   interfered with his ability to use grievance procedure).  Plaintiff's showing is insufficient to

13   excuse exhaustion under Nunez.  Thus the undersigned will recommend that defendants' motion

14   to dismiss be granted.

15           IT IS HEREBY ORDERED that the Clerk of Court shall assign a district judge to

16   this action.

17           IT IS HEREBY RECOMMENDED that defendants' September 19, 2011 motion

18   to dismiss for failure to exhaust administrative remedies (Dkt. No. 21) be granted and this action

19   be dismissed without prejudice.

20           These findings and recommendations are submitted to the United States District

21   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

22   one days after being served with these findings and recommendations, any party may file written

23   objections with the court and serve a copy on all parties.  Such a document should be captioned

24   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25   ////

26   ////

shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
ruff2789.mtd