IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID P. RUFF,

      Plaintiff,                         No. 2:10-cv-2789 KJM CKD P

vs.

D. VANLEER, et al.,

      Defendants.                 ORDER

/

        Pursuant to the Ninth Circuit's recent decision in Woods v. Carey, No. 09-15548 (9th Cir. July 6, 2012), the court hereby reminds plaintiff of the following requirements for opposing the motion to dismiss for failure to exhaust administrative remedies filed by defendants on September 19, 2011.[1] (Dkt. No. 21.)

        On April 20, 2012, the court issued findings and a recommendation that defendants' motion to dismiss the complaint for failure to exhaust administrative remedies be granted. (Dkt. No. 30.) On July 9, 2012, plaintiff filed objections to these findings and recommendations. (Dkt. No. 35.)

        Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court

---

[1] Plaintiff was also advised of these requirements on June 16, 2011. (Dkt. No. 13.)

1

hereby informs plaintiff of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b). Such a motion is a request that the court dismiss without prejudice any unexhausted claims. The moving party may submit affidavits or declarations under penalty of perjury and admissible documents to support the motion to dismiss. To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documents. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint on which plaintiff relies. Plaintiff may also rely on one or more affidavits or declarations sworn to by other persons who have personal knowledge of relevant matters. In addition, plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on defendant's evidence. In the event both sides submit matters outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of fact. If plaintiff does not file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the motion. See L.R. 230(l). If the court grants the motion to dismiss, whether opposed or unopposed, plaintiff's unexhausted claims will be dismissed without prejudice.

Plaintiff now having received the notice required under Woods v. Carey, No. 09-15548 (9th Cir. July 6, 2012), IT IS HEREBY ORDERED that plaintiff will be provided 21 days to file additional evidentiary materials regarding defendants' motion to dismiss for failure to exhaust administrative remedies, but it is not required. No further extensions of time will be given.

Dated: July 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2ruff2789.not